UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

CHUZA OIL COMPANY,            No. 18-11836-t7

     Debtor.

PHILLIP J. MONTOYA,
Chapter 7 Trustee,

     Plaintiff,

v.            Adv. No. 20-1025-t

SHEANEH SATTARI,

     Defendant.

## **OPINION**

Before the Court is Defendant's Rule[1] 60(b) motion, to set aside the default judgment against her. The Court concludes that Defendant's asserted bases for relief, improper service of process and/or inadequate proof of service, lack merit. Defendant may be entitled to relief for inadvertence or excusable neglect, but that was neither alleged nor argued. The Court will deny the motion but give Defendant 30 days to seek relief under Rule 60(b)(1) if she chooses.

A.     Facts.

     The Court finds:[2]

     Defendant lives in the Dallas-Fort Worth metroplex. She is the sole member, manager, founder, and director of Quantum Holistic Health Center, LLC. Between July 2018 and June 16,

---

[1] "Rule" refers to the Federal Rules of Civil Procedure, while a "Bankruptcy Rule" refers to a Federal Rule of Bankruptcy Procedure.

[2] The Court takes judicial notice of its docket in this proceeding and in the main bankruptcy case, to consider the contents of the docket but not the truth of the matters asserted therein. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

2020, Quantum Holistic operated out of a business park office in Murphy, Texas, a Dallas suburb. The Murphy address is Quantum Holistic's registered address with the Texas Secretary of State.

When it operated, Quantum Holistic provided neurofeedback therapy and quantitative electroencephalogram (EEG) evaluations. The work required Defendant to be in close physical contact with clients, as she had to attach electrodes to their scalps to record their brain waves.

Due to the COVID-19 pandemic, her clients began cancelling appointments in March 2020. Between the dip in business and lockdown measures imposed by government officials, Defendant decided to close Quantum Holistic's doors to the public on March 21, 2020.

Defendant hoped the closure would be temporary. She went to Quantum Holistic once or twice a month during the spring of 2020 to check on the office and collect mail. On June 16, 2020, however, with no end to the pandemic in sight, Defendant terminated the office lease effective June 14, 2020. Defendant has not reopened Quantum Holistic to the public and considers herself unemployed. As recently as March 23, 2021, however, Quantum Holistic's business status was still listed as "In existence" with the Texas Secretary of State and the Murphy, Texas address was listed as the registered address.

This bankruptcy case began when an involuntary petition was filed against Debtor Chuza Oil Company on July 25, 2018. The Court entered an order for relief on August 27, 2018, and the U.S. Trustee appointed Plaintiff the case trustee.

Defendant's father is friends with Bobby Goldstein, Debtor's principal. Her father invested in Mr. Goldstein's businesses, with the understanding that the investment returns would be paid to Defendant. The Court has no information about the nature or terms of the investment. Defendant may not know the terms and conditions. In any event, Defendant received eight $5,000 payments and one $10,000 payment from Debtor within a year before the involuntary petition was filed.

Plaintiff filed this adversary proceeding against Defendant on April 21, 2020, seeking to recover the $50,000 under a fraudulent transfer theory. The Court issued a summons and notice of scheduling conference on April 23, 2020. The summons required Plaintiff to serve it within seven days, and required Defendant to answer the complaint by May 23, 2020. A scheduling conference was set for June 12, 2020.

Plaintiff's counsel mailed the complaint and summons to Defendant by first class mail on April 30, 2020, to three addresses: two residential addresses (former, it turns out) and Quantum Holistic's Murphy, Texas address. Counsel filed a certificate of service the same day.

Defendant picked up the complaint and summons at the Quantum Holistic office on May 9, 2020. After reading the complaint and summons, she called Mr. Goldstein and asked him what to do. According to Defendant, Mr. Goldstein told her that he "would take care of it."

Based on Mr. Goldstein's assurances, Defendant did not answer the complaint or appear at the scheduling conference, by telephone or otherwise. Plaintiff moved for entry of a default and default judgment on June 4, 2020. The Clerk of the Court entered Defendant's default on June 9, 2020; the Court entered a $50,000 default judgment against her the next day.

Defendant realized something was wrong in October 2020, when Plaintiff garnished her bank account. Defendant retained counsel (the same counsel who represents Mr. Goldstein). On November 3, 2020, Defendant filed the motion to set aside the default judgment under Rule 60(b).

In support of her motion, Defendant argues that service was not proper under the rules because, at the time of service, she was no longer operating Quantum Holistic at the Murphy, Texas address.[3] She also argues that Plaintiff's counsel's proof of service was inadequate.

---

[3] Defendant cannot argue that Plaintiff's service deprived her of constitutional due process. While "[s]ervice of process must satisfy both the statute under which service is effectuated and constitutional due process," *In re Karbel*, 220 B.R. 108, 112 (10th Cir. BAP 1998), actual notice satisfies the latter. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

B.  Grounds for Granting Relief from Final Judgments.

Relief from a final judgment is governed by Rule 60, made applicable by Bankruptcy Rule 9024. The Rule states, in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b). Defendant has asked for relief under 60(b)(3), (4), and (6).

C.  Defendant Was Properly Served.

1.  Service requirements. Service of a summons and complaint filed with a United States District Court is governed by Rule 4. Service of the summons and complaint in an adversary proceeding is governed by Bankruptcy Rule 7004. The latter rule borrows from the former but makes some notable changes. Bankruptcy Rule 7004 states in part:

> (a) Summons; service; proof of service
> (1) Except as provided in Bankruptcy Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(5), (e)-(j), (*l*), and (m) F.R.Civ.P. applies in adversary proceedings….
> (b) Service by first class mail
> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession….
> (d) Nationwide service of process
> The summons and complaint and all other process except a subpoena may be served anywhere in the United States.

(e) Summons: time limit for service within the United States
Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued.

2. <u>Timeliness of service</u>. Bankruptcy Rule 7004(e) requires that the summons and complaint be deposited in the mail within 7 days after issuance. Plaintiff's counsel mailed the summons and complaint on the seventh day. Service also must be accomplished within 90 days after the complaint was filed. Bankruptcy Rule 7004(a); Rule 4(m). Here, the summons and complaint were mailed nine days after the complaint was filed. Service was timely.

3. <u>The process was mailed to a valid address</u>. If Defendant was "regularly conduct[ing] her] business" in Murphy, Texas when Plaintiff's counsel mailed the summons and complaint to her at that address, then service complied with Bankruptcy Rule 7004(b)(1). If not, then service was procedurally deficient.

There is no question that, before March 2020, Defendant was regularly conducting her business at the Murphy, Texas address. Similarly, there is no question that after Defendant terminated her lease on June 16, 2020, she was no longer conducting business at that address. But what about May 9, 2020? Between March 21, 2020 and June 16, 2020, Defendant had stopped seeing clients but hoped to reopen the business. She kept up the office and checked the mail. The question before the Court is whether Defendant continued to "regularly conduct a business" at the Murphy, Texas address during the interim period.

Case law gives some guidance. A number of cases have held that the registered address of a closely held business is prima facie evidence that the owners conduct business there. *See, e.g., In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985); *In re Marciano*, 459 B.R. 27, 38 (9th Cir. BAP 2011); *In re Garcia Burgos*, 2018 WL 4682264, at *2-3 (Bankr. D.P.R.); and *Garcia v.*

*Cantu*, 363 B.R. 503, 515 (Bankr. W.D. Tex. 2006). As Quantum Holistic's registered address is the Murphy, Texas address, Plaintiff has made a prima facie showing of proper service.

The party contesting service must then come forward with evidence to show that she does not in fact conduct a business at that address. *Garcia v. Cantu*, 363 B.R. at 515; *Garcia Burgos*, 2018 WL 4782264, at * 3.

This is somewhat of a close question, but the Court finds that Defendant did not rebut Plaintiff's prima facie evidence that she was regularly conducting business at the Murphy, Texas address on May 9, 2020.[4] Temporary shutdowns should not be equated with ceasing business operations—it would cause too much confusion. On May 9, 2020, Defendant viewed Quantum Holistic's cessation of business as temporary. Like the rest of the country, she was hoping that life would return to normal soon and she could reopen Quantum Holistic to the public. Not until June 16, 2020, when she decided to throw in the towel, did Quantum Holistic stop conducting business in Murphy, Texas.

D.  The Trustee's Proof of Service was Sufficient.

Rule 4(l) is incorporated into Bankruptcy Rule 7004. Rule 4(l)(1) states:

(l) Proving Service.
   (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

---

[4] "Not every address where a defendant has at one time or for some purpose conducted business will necessarily suffice. The use of the adjective 'regularly' connotes more than that." *In re Ultrasonics, Inc.*, 269 B.R. 856, 862 (Bankr. D. Idaho 2001). However, "'[r]egularly' is defined as 'in a regular manner; at regular times or intervals.'" *Id.* at 862 n.4 (quoting Webster New Twentieth Century Dictionary, 2d ed., at 1522); *see also Garcia Burgos*, 2018 WL 4682264, at *1 (despite living in and being a doctoral student and teaching assistant in Massachusetts, individual debtor was effectively served by mail to business address in Puerto Rico where he "frequently" traveled to conduct business); *Cf. In re Xacur*, 219 B.R. 956, 960, 966–967 (Bankr. S.D. Tex. 1998) (Houston condominium where debtor spent 10% of his time constituted a "dwelling house or usual place of abode" that could be served by mail). From March 21 to June 16, 2020, Defendant went to the Murphy office once or twice a month to check on it and collect mail. She paid utility and rent bills. Overall, her business activities during this period were "regular."

Defendant argues that Plaintiff violated Rule 4(l) and Bankruptcy Rule 7004 by not filing an affidavit of service. This argument lacks merit. First, service of process by mail alters the formal requirements for proving service. *See*, *e.g.*, 10 Collier on Bankruptcy ¶ 7004.02[12] (16th ed.) ("For service by first class mail, permitted in adversary proceedings by Bankruptcy Rule 7004(b), a signed receipt of service is presumably not required to provide proof of service. A certification of mailing by the person who placed the document in the mail should suffice."). Plaintiff's counsel filed a certificate of service, certifying that he placed the complaint and summons in the mail, addressed as indicated.

Certificates of service of process are commonplace for adversary proceedings in this and other bankruptcy courts. *See*, *e.g.*, *In re Scott*, 2012 WL 987624, at *1 n.2 (Bankr. N.D. Ga.); *In re Speichert*, 2007 WL 4893499, at *1 (Bankr. N.D. Ind.); *In re Gulf States Petroleum Corp.*, 2005 WL 4800654, at *1 (Bankr. W.D. La.); *see generally* Director's Form B 2500A (form of summons in an adversary proceeding, which includes a certificate of service).[5]

Second, while Plaintiff's counsel did not include an "under penalty of perjury" declaration in his certificate of service, other circumstances indicate the veracity of his certificate. For one thing, Defendant actually received process at the Murphy, Texas address. Further, because counsel is licensed in New Mexico, he is bound by both Bankruptcy Rule 9011 and New Mexico Rule of Professional Conduct 16-303 (candor toward the tribunal). These rules require that almost all papers an attorney files in court be supported factually, and if the attorney learns that the facts are

---

[5] If a certificate of service includes a declaration that it is signed under penalty of perjury, then it serves as an affidavit in federal court. *See* 28 U.S.C. § 1746 ("Wherever, under any law of the United States or under any rule . . . any matter is required . . .to be supported . . . by . . . [an] affidavit . . . such matter may . . . be supported . . . by the unsworn declaration . . . of such person which is subscribed by him, as true under penalty of perjury . . . in substantially the following form: . . . "I declare . . . under penalty of perjury that the foregoing is true and correct.").

not as he initially believed, he has an obligation to correct the record. The rules do not bind third party process servers. The court has no reason whatsoever to doubt counsel's candor and truthfulness.[6]

Third, irregular proof of service does not affect the validity of the service. *See* Rule 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."); *see also Economou v. N.M. Dep't of Tax. and Rev.*, 2019 WL 11585134, at *4 (D.N.M.) (same); *Joe Hand Promotions, Inc. v. Charlie's Sandbox*, 2016 WL 10257497, at *1 (D.N.M.) (same); *In re Peagler*, 2001 WL 1806976, at *5 (Bankr. D.S.C.) (improper proof of service cannot be used as grounds to vacate and set aside a default and judgment as void).

The Court concludes that counsel's certificate of service, particularly after it is supplemented as required, complies with Rule 4(l).

E.      Defendant's Rule 60(b) Arguments Lack Merit.

1.      Rule 60(b)(3)—Fraud, misrepresentation, or misconduct by an opposing party. Defendant argues that the trustee's certificate of service "is incorrect and false, as indicated by the attached Affidavit of Defendant Sheaneh Sattari."[7] This argument fails. As discussed above, Plaintiff's certificate of service states, inter alia, that the summons and complaint were mailed to Defendant at the Murphy, Texas address. That is a true statement, as shown by the fact that Defendant received the summons and complaint at that address.

---

[6] Nevertheless, the Court will require counsel to amend his Certificate of Service to include the "Under penalty of perjury" language.

[7] In her affidavit Defendant states that she never lived at the Murphy, Texas address. That is undisputed but irrelevant. Defendant did not press this point at the final hearing, arguing instead that she was not regularly conducting business at the Murphy, Texas address on March 9, 2020.

At the final hearing, Defendant's counsel also argued or implied that Plaintiff's failure to file an affidavit of service was sufficiently improper to implicate Rule 60(b)(3). For the reasons discussed above, the argument is meritless.

2. Rule 60(b)(4)—The judgment is void. Defendant argues that the judgment is void because the complaint and summons "have not been served and were not served within seven days as required by the issued summons and were not served within 90 days after the Complaint was filed as required by Rule 4(m)." Service was made by mail seven days after the summons was issued and nine days after the complaint was filed. As service was timely, the argument is overruled.

3. Rule 60(b)(6)—Any other reason that justifies relief. "Relief under Rule 60(b)(6) cannot be given for one of the grounds enumerated in Rules 60(b)(1)-(5)." *In re Aquatic Pools, Inc.*, 2018 WL 3013277, at *5 (Bankr. D.N.M. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005)).

> Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal quotation marks omitted), *cert. denied,* 423 U.S. 1079, 96 S. Ct. 866, 47 L.Ed.2d 89 (1976). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir. 1993).

*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Defendant did not introduce any evidence of "extraordinary circumstances" that would justify relief under Rule 60(b)(6).

Plaintiff's counsel suggested, and the Court agrees, that Defendant's main problem was her misplaced reliance on Mr. Goldstein. Defendant received the complaint and summons with plenty of time to file an answer and appear at the scheduling conference. She called Mr. Goldstein to find out what to do. According to Defendant, he told her he would take care of it. Clearly, he

did not. The Court expresses no opinion on whether Defendant is entitled to relief under Rule 60(b)(1), but she has a colorable argument that was not made.

If Defendant wishes to seek relief under Rule 60(b)(1), she may need to obtain independent counsel. The Court will give Defendant 30 days to weigh her options and decide whether to seek such relief.

## Conclusion

Defendant was served by mail where she regularly conducted her business, consistent with Bankruptcy Rule 7004(b)(1). Plaintiff's proof of service is satisfactory. The default judgment entered against Defendant cannot be set aside under Rule 60(b)(3), (4), or (6). Her chance at relief from the default judgment, if any she has, lies in Rule 60(b)(1). The Court will enter a separate order consistent with this opinion.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 30, 2021
Copies to: Counsel of record